Opinion of the court delivered by
Judge Catron.
In 1825, at Knoxville, in this court, a decree was made that Wm. Cox as executor of Dudley Cox, pay to Reed Cox, the sum of $446 77, to be levied of the goods of Dudley Cox in the executor’s hands unadministered. A. fieri facias has been run,and returned nothing found; then a scire facias issued commanding the said Wm. Cox executor áre. to be notified to appear, and show cause why Reed Cox should not have execution of the decree of his, (William’s) own proper goods.
The defendant has pleaded, 1st, nul tiel record; 2d, plene administravit at the time the decree was rendered.— To this plea there is a demurrer, because the plea should have been pleaded before the decree was made, and cannot now be received. 1 Johns. Ca. 276; 1 Saund. 219, note 8; 2 Starkie’s Evidence 561, are relied upon to support the position.
We are called upon to adopt rules of practice in chancery causes, for which we have not any settled precedents; so far as those at law apply, we will be governed by them; but where they would defeat the ends of justice, growing out of the nature of a suit in equity, and the relative situation of the parties, we must do as our ancestors did, form precedents and rules of practice, calculated to obtain the ends of justice. Our statute, (1801 ch. 6,) declares the proceedings of the courts of equity records; hence a sci.fa. will lie upon a decree; but that a *306 decree shall have the effect of a judgment at law, and: conclude an executor, because he did not plead fully administered to the bill, is too absurd to be tolerated, or seriously thought of; this cause will prove it; William and Heed Cox, were both defendants to the bill; the heirs of Dudley Cox got a specific decree for a tract of land, and the executor of their father was ordered to pay part of the purchase money out of the personal estate, to his co-defendant Reed Cox. It was not in his power to show want of assets from the nature of the suit and allegations of the bill; therefore the demurrer to the plea of fully administered will be overruled.
The sci. fa. is defective, and must be amended; it does not allege a devastavit, and the plaintiff’s own demurrer to the defendant’s plea reaches it.
Demurrer overruled.